### KIMBRELL *v.* THE STATE.

ATKINSON, J. 1. There was no merit in the assignments of error upon the rulings of the court in rejecting evidence, or those relative to remarks by the court made when the testimony was excluded.

2. The assignments of error upon excerpts from the charge, to which there were exceptions severally on the ground that they were not authorized by evidence, that the court expressed an opinion as to the facts, that they were argumentative, and that they did not properly state the contentions of the State and the accused, were without merit.

3. Where the only evidence as to the violent character of the deceased was that he was turbulent and violent when drinking, and there was no evidence that he was drinking or under the influence of liquor at the time of the homicide, the failure to charge as to the character of the deceased was not error.

4. In so far as the requests to charge embodied correct legal principles

applicable to the case as made by the evidence, they were fully, fairly, and specifically covered by the general charge.

5. Where the prisoner in his statement claimed that the deceased had made threats to him, there was no error in failing to charge the law applicable to threats, on the basis of such statement, in the absence of a request therefor.

6. Where on the trial of one for murder there was evidence on behalf of the accused of uncommunicated threats made against him by the deceased, the failure to charge, without request, in regard to the law touching such threats was not error, the court having fully charged the law of murder, manslaughter, and justifiable homicide, including the doctrine of reasonable fears.

7. The court charged, "that the purchase of a weapon beforehand for the purpose of killing deceased, if the evidence shows that he purchased it beforehand to kill this man, you may take that, if that is shown, as evidence of malice to that extent. It is for you to determine whether or not he purchased it for that purpose. But if he simply purchased it, but not for that purpose, then it would not be evidence of malice, and you would not be authorized to so take it." This charge when considered in connection with the entire charge, was not error on the ground that it "assumed that the defendant purchased the pistol beforehand for the purpose of killing deceased," or upon the ground "that the purchase of a pistol for self-protection does not show evidence of malice."

8. The court charged, "that provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," as applicable to one phase of the case. The portion of the charge so quoted was not error on the ground that "provocation by words, threats, menaces, or contemptuous gestures may reduce the crime from murder to manslaughter, but in all cases it is a question for the jury to decide, and not for the court."

9. The evidence was ' sufficient to support the verdict, and there was no error in refusing to grant a new trial.

            *Judgment affirmed. All the Justices concur.*
            JULY 11, 1912.

Indictment for murder. Before Judge Roan. Newton superior court. May 11, 1912.

Jim Kimbrell ·was indicted for the murder of Jim McCart by shooting him with a pistol. On the trial the jury convicted the accused and recommended him to the mercy of the court. A motion for new trial was made, and afterwards amended. .On the hearing the motion was overruled, and a new trial refused. The defendant excepted.

*Rogers & Knox, A. D. Meador,* and *John R. Cooper,* for plaintiff in error.

*T. S. Felder, attorney-general, C. S. Reid, solicitor-general,* and *R. W. Milner,* contra.